IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED
APR 2 6 2005
Michael N. Milby, Clerk of Court

| | |
|---|---|
| CLEMISSON LUDDINGTON, #241638 § | |
| § | |
| v. § | CIVIL ACTION NO. G-03-177 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Clemisson Luddington, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. On July 11, 1974, Petitioner was convicted of rape and sentenced to eighty years imprisonment in the TDCJ-CID. He was released on parole on January 20, 1986. However, he was again arrested on June 5, 2001 for aggravated assault, and his parole was revoked on July 18, 2001 after a parole revocation hearing was held. On March 13, 2003, Petitioner filed the instant habeas writ challenging his parole revocation.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires, in relevant part, that a federal habeas writ be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, the factual predicate arose on July 18, 2001 – the date on which Petitioner's parole was actually revoked. Although Petitioner argues that the AEDPA's limitations period began at a later date because he filed a motion to reopen the parole hearing, the record

1

contradicts his claim. Petitioner has submitted a notice he received on July 31, 2001 from the Board of Pardons and Paroles ("Board") informing him that a motion to reopen the parole hearing must be filed within 45 days of the Board's decision to revoke parole. Petitioner's Objections at Ex. B. Petitioner sent a letter to the Board contesting its decision on February 11, 2002. Id. That date was significantly later than 45 days after the Board's July 18, 2001 decision date, and no timely motion to reopen was filed in this case.

The AEDPA's limitation period therefore began on July 19, 2001 and expired 365 days later on July 18, 2002. Although a timely-filed state habeas writ can toll the AEDPA's limitations period, Petitioner did not file his state writ until September 24, 2002. The limitations period can also be equitably tolled under rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). Petitioner has shown no reason why equitable tolling should apply in this case, and the instant writ is time-barred by the AEDPA's limitations period.

The Court therefore **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Clemisson Luddington (Instrument No. 1) be **DISMISSED** as time-barred.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner shall have until **May 12, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on

appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ___25th___ day of April, 2005.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE